# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| GARY ROBINSON, | ) | 3:12-cv-00525-LRH (WGC) |
| Plaintiff, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| vs. | ) | **OF U.S. MAGISTRATE JUDGE** |
| | ) | |
| LUIS LANDA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. Before the court is Plaintiff Gary Robinson's *pro se* civil rights Complaint brought pursuant to 42 U.S.C. section 1983 (Doc. # 1-1),[1] and his application for leave to proceed *in forma pauperis* (Doc. # 1), both filed on September 27, 2012.

## I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed *in forma pauperis* if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be

---

[1] Refers to court's docket number.

absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

In his application, Robinson indicates that he is unemployed and has no monthly income. (Doc. # 1 at 1.) It appears that he is currently incarcerated within the Nevada Department of Corrections ("NDOC"), and as of September 19, 2012, he has an account balance of $11.94 in his prison trust account. (*Id*. at 4, 5, 7.) His average monthly balance since March 20, 2012, is $23.30. (*Id*. at 4, 5.)

Based on the information contained in Robinson's application, the court finds it is unlikely Robinson would be able to pay the $350.00 filing fee given that he has no monthly income. Therefore, Robinson's application to proceed *in forma pauperis* (Doc. # 1) should be granted.

## II. SCREENING

**A. Legal Standard**

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. section 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a), (d)). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. section 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative

1 level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B. Robinson's Complaint**

Robinson's Complaint contains two counts against Defendants Luis Landa, Lincoln Fay, Lee Dove and Deputy Rogers, all of whom are Humboldt County Sheriff's Deputies. In Count I, Robinson alleges the use of unnecessary force and excessive force in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments. (Doc. # 1-1 at 4.) In Count II, he alleges assault and battery in violation of Nevada statutory law. (*Id*. at 11.) Both Counts refer to the same conduct described below.

Robinson alleges that on June 17, 2011, he had a domestic argument with his wife, which caused his grandson to call the Sheriff's department. (*Id.* at 4.) Thereafter, Defendants Luis Landa, Lincoln Fay, and Lee Dove, all Humboldt County Sheriff's Deputies, arrived at his home. (*Id.*) Though Robinson waived his hands in the air and told the defendants he was unarmed, Landa grabbed Robinson's right wrist, placed handcuffs on him, and told him he was going to prison. (*Id.* at 5.) Landa began to "yank and pull" on Robinson's cuffed right arm, which Robinson "react[ed] to" but did not resist. (*Id.*)

Then, Robinson alleges Fay "joined in" and shot him with a taser gun, but Robinson removed the taser darts before they activated. (*Id*. at 6.) Fay then jumped on Robinson's back and drove him to the ground, at which point Landa, who was still restraining Robinson's right arm, began kicking him

3

1  on the left side of his face. (*Id.* at 8.) Meanwhile, Fay and Dove were hitting Robinson with their fists
2  and night sticks, and kicking and punching him in the ribs and the back of his head. (*Id.*) Defendant
3  Rogers, also a Sheriff's Deputy, later arrived on the scene but, according to Robinson, he did not
4  intervene to stop the force being employed. (*Id.* at 8-9.)

5      Robinson claims he was never informed of the charges against him or that he was under arrest.
6  (*Id.* at 5.) Robinson was seventy-two years old at the time. (*Id.* at 7.)

7      As a consequence, Robinson's left eye orbit (socket) was fractured and his left eye "fell out."
8  (*Id.*) Robinson claims his left eye was laying on his cheek when he eventually was lifted to his feet. (*Id.*)
9  Robinson was later taken to Humboldt County Hospital where he saw a plastic surgeon, Dr. Wrye, who
10 "reattached" his eye. (*Id*. at 9.)

11     When Robinson received medical attention at Northern Nevada Correctional Center in July
12 of 2012, he alleges his left eye's visual acuity was determined to be "100/11." (*Id.*) According to
13 Robinson, his left eye's vision previously was "normal." (*Id*. at 10.) Robinson seeks declaratory relief
14 and compensatory and punitive damages. (*Id*. at 14.)

15 **C. Analysis**

16     The court will begin with an analysis of the claims in Count I. Next, the court will analyze
17 Robinson's claims against Defendant Rogers in particular. The court will then turn to an analysis of
18 Robinson's state law claims in Count II. Finally, the court will offer some instructions on how to
19 proceed with this case.

20     ***1. Count I***

21     <u>a. Fourth Amendment</u>

22     Claims of excessive force during an arrest or other seizure of a free citizen are evaluated under
23 a Fourth Amendment objective "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395
24 (1989) (internal quotation marks omitted); *see Smith v. City of Hemet*, 394 F.3d 689, 700 (9th
25 Cir. 2005) (en banc) ("A Fourth Amendment claim of excessive force is analyzed under the framework
26 outlined by the Supreme Court in *Graham v. Connor*.").

4

Under *Graham*, the "reasonableness" of particular seizure "depends not only on *when* it is made, but also on *how* it is carried out." *Id*. at 395 (citing *Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985)) (original emphasis). A reasonableness analysis "requires balancing the 'nature and quality of the intrusion' on a person's liberty with the 'countervailing governmental interests at stake' to determine whether the force used was objectively reasonable under the circumstances." *Smith*, 394 F.3d at 701 (quoting *Graham*, 490 U.S. at 396); *see also Hammer v. Gross*, 932 F.2d 842, 846 (9th Cir. 1991) (en banc) ("The question is not simply whether the force was necessary to accomplish a legitimate police objective; it is whether the force used was reasonable in light of *all* the relevant circumstances.") (original emphasis).

The *Graham* Court indicated the relevant factors of a reasonableness inquiry include: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. 490 U.S. at 396. These factors are not an exhaustive list. *See id*. "In some cases, for example, the availability of alternative methods of capturing or subduing a suspect may be a factor to consider." *Smith*, 394 F.3d at 701 (citing *Chew v. Gates*, 27 F.3d 1432, 1441 n.5 (9th Cir. 1994)); *see McKenzie v. Lamb*, 738 F.2d 1005, 1011 (9th Cir. 1984) ("The reasonableness of force should be analyzed in light of such factors as the requirements for the officers' safety, the motivation for the arrest, and the extent of the injury inflicted.").

Here, the severity of the crime at issue is unknown. Robinson says his grandson called the Sheriff's department "as a result of a domestic argument with my wife (non physical) . . ." (Doc. # 1-1 at 4), but the precise nature of that dispute is unclear. Also, the defendants never told Robinson why they arrived. Even if the court presumes the defendants arrived at Robinson's home in response to his grandson's phone call, the precise reason why the grandson called still is unknown.

Second, because of the uncertainty surrounding Robinson's domestic dispute, it is similarly unclear whether Robinson posed an immediate threat to the safety of the defendants or others. For

5

example, if the domestic dispute involved physical violence or a weapon, Robinson could have been seen to pose an immediate threat. Robinson, however, claims he was unarmed.

Third, it is unclear from Robinson's allegations whether he was actively resisting arrest. Nevertheless, accepting Robinson's allegations as true, the court finds Robinson establishes a colorable claim that Landa, Fay and Dove violated his Fourth Amendment right to be free from an unreasonable seizure. The court finds kicking, punching and beating a restrained and unarmed elderly man involved in a domestic dispute with his wife to the point where his eye falls out of its fractured socket, without more, does not constitute a "reasonable" seizure. Even though the countervailing governmental interests at stake were difficult to discern due to the uncertainty surrounding Robinson's domestic dispute, the nature and quality of the seizure likely outweighs those governmental interests.

Further, *Smith* permits the court to consider whether alternative methods of capture or seizure were available. 394 F.3d at 689 (citation omitted). On the facts presented here, Landa, Fay and Dove appear to have had alternative methods of capturing or subduing the unarmed, non-resistant, elderly Robinson, like handcuffs alone or other methods of physical restraint that did not involve kicking him, punching him, or hitting him with their night sticks. Accordingly, Robinson states a Fourth Amendment claim against Landa, Fay and Dove.

b. Fifth Amendment

Although Robinson does not specify what provision of the Fifth Amendment he purports to rely on, the court, construing his Complaint liberally, presumes he bases his Fifth Amendment claim on the Due Process Clause. The other provisions of the Fifth Amendment are plainly inapplicable to the facts Robinson has alleged here. *See* U.S. CONST. amend V. "The Due Process Clause of the Fifth Amendment applies to and restricts only the *federal* government . . . ." *Geneva Towers Tenants Org. v. Federated Mortgage Investors*, 504 F.2d 483, 487 (9th Cir. 1974) (emphasis added); *see Thompson v. Wagner*, 631 F.Supp.2d 664, 671 (W.D. Pa. 2008) ("The Due Process Clause of the Fifth Amendment limits the actions of only the *Federal* Government.") (citation omitted) (original emphasis). The Fifth Amendment does not limit the action of *state* officials such as Defendants Landa, Fay, Dove and Rogers. Robinson asserts no claims based on the conduct of federal actors. Consequently, Robinson has

failed to state a claim for relief under the Fifth Amendment. Because it is "absolutely clear . . ." to the court that the deficiencies of Robinson's Fifth Amendment claim "cannot be cured by amendment," *Franklin*, 745 F.2d at 1228 n.9, the court recommends Robinson's claim under the Fifth Amendment should be **dismissed with prejudice**.

### c. Eighth Amendment

At the time of the above-described conduct, Robinson was not in the custody of NDOC. Eighth Amendment excessive force claims apply only to convicted prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 3 (1992). Therefore, the court recommends Robinson's Eighth Amendment claim should be **dismissed with prejudice**. Leave to amend is inappropriate here because it is clear that the deficiencies of Robinson's Eighth Amendment claim could not be cured by amendment. *See Franklin*, 745 F.2d at 1228 n.9; *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### d. Fourteenth Amendment

To the extent Robinson seeks to assert a substantive due process claim under the Fourteenth Amendment, he fails to state a claim. In light of the court's previous finding that Robinson states a Fourth Amendment unreasonable seizure claim (excessive force), his substantive due process claim may not lie. *See Graham*, 490 U.S. at 395 ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."); *accord United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (citing *Lanier*, *supra*, 520 U.S. at 272 n.7); *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007); *Reed v. Hoy*, 909 F.2d 324, 329 (9th Cir. 1990) ("[C]laims arising before or during arrest are to be analyzed exclusively under the fourth amendment's reasonableness standard rather than the substantive due process standard . . . ."); *see also Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (plurality opinion) (citing *Graham*, 490 U.S. at 395). Accordingly, the court recommends Robinson's substantive due process claim under the Fourteenth Amendment should be **dismissed with prejudice**. *See Franklin*, 745 F.2d at 1228 n.9. Leave to amend is not appropriate here because it is absolutely clear under *Graham* that, by virtue of Robinson's valid

1  Fourth Amendment claim, the deficiencies of Robinson's substantive due process claim could not be
2  cured by amendment. *See Franklin*, 745 F.2d at 1228 n.9; *see Cato*, 70 F.3d at 1106 (citation omitted).
3         To the extent Robinson seeks to assert a claim based on the deprivation of procedural due
4  process under the Fourteenth Amendment, he fails to state a claim. A procedural due process claim
5  under section 1983 has three elements: "(1) a liberty or property interest protected by the Constitution;
6  (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of
7  Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *see Clements v. Airport Auth. of Washoe County*, 69
8  F.3d 321, 331 (9th Cir. 1995) (an individual is only entitled to procedural due process if he was
9  deprived of a protected property or liberty interest). When a state official commits assault and battery
10 against a person, that person's liberty interest is implicated. *See Rutledge v. Arizona Bd. of Regents*, 660
11 F.2d 1345, 1352 (9th Cir. 1981), *abrogated on other grounds by Haywood v. Younger*, 769 F.2d 1350
12 (9th Cir. 1985) (en banc).
13        "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty, or
14 property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest
15 *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (citing *Parratt v. Taylor*,
16 451 U.S. 527, 537 (1981) (overruled on different grounds)) (original emphasis); *cf. Patterson v.
17 Coughlin*, 761 F.2d 886, 892 (2d Cir. 1985) ("the Constitution does not prohibit deprivations of liberty
18 per se. The Constitution prohibits deprivations of liberty *without due process*.") (original emphasis).
19        A person's "opportunity to be heard . . ." before a State deprives him or her of a constitutionally
20 protected interest in liberty or property is the "fundamental requirement of due process . . . ." *Parratt*,
21 *supra*, 451 U.S. at 540. The opportunity to be heard "must be granted at a meaningful time and in a
22 meaningful manner." *Id*. (Internal quotations and citation omitted.) However, a *pre*-deprivation hearing
23 is not always required, particularly in cases where such a hearing would be impracticable or unfeasible,
24 or where post-deprivation remedies provided by state law or the common law are available. *See id*.
25 at 537-41; *Ingraham v. Wright*, 430 U.S. 651, 672-77 (1977) (although a deprivation of a liberty interest
26 resulted from corporal punishment of junior high school students, due process was satisfied by state
27 procedures and civil tort remedies). Though *Parratt* involved a negligent deprivation of a property
28

interest, the Ninth Circuit has extended the *Parratt* reasoning to intentional deprivations of liberty, including excessive force during an arrest or other seizure. *See Rutledge*, 660 F.2d at 1352; *Robins v. Harum*, 774 F.2d 1004, 1007 (9th Cir. 1985).

In this case, Robinson alleges Defendants were Humboldt County Sheriff's deputies who used excessive force during the seizure at issue. Accepting these allegations as true, Robinson has satisfied the "under color" of state law requirement and he has established a deprivation of a liberty interest. The only remaining inquiry under a Fourteenth Amendment procedural due process analysis is whether, under *Parratt*, Robinson has alleged sufficient factual allegations to show post-deprivation remedies provided by state law or the common law were unavailable. Upon review of Robinson's Complaint, the court finds no specific factual allegations pertaining to the sufficiency of post-seizure remedies provided by state law or the common law.

Accordingly, Robinson's procedural due process claim under the Fourteenth Amendment should be **dismissed without prejudice**. Robinson should be granted leave to amend his Complaint to allege specific facts that show the State's post-seizure remedies, or remedies conferred by the common law, were insufficient or unavailable.

### *2. Defendant Rogers*

As mentioned above, Defendant Rogers is also a Humboldt County Sheriff's Deputy. Robinson alleges Rogers arrived *after* the other three defendants and that he, Rogers, "did not intervene to stop the excessive use of force being employed . . . ." (Doc. # 1-1 at 8-9.) In order to be individually liable under section 1983, an individual must personally participate in an alleged deprivation of rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). For example, a "seizure" triggering the Fourth Amendment's protections occurs only when "government actors have, 'by means of physical force or show of authority . . . in some way restrained the liberty of a citizen.'" *Graham*, 490 U.S. at 395 n.10 (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)).

Here, Robinson fails to allege facts sufficient to show Rogers's conduct violated his constitutional rights. *See Jones*, 297 F.3d at 934; *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (a deprivation of a constitutional right under section 1983 occurs when

1  a person "does an affirmative act, participates in another's affirmative act, or omits to perform an act
2  which he is legally required to do that causes the deprivation of which complain is made.") (internal
3  quotations and citation omitted). Nor does Robinson allege Rogers played a supervisory role and that
4  his failure to intervene was unconstitutional under a theory of supervisory liability. *See Taylor v. List*,
5  880 F.2d 1040, 1045 (9th Cir. 1989). Consequently, Rogers should be **dismissed** as a defendant
6  **without prejudice**. Robinson should have leave to amend his Complaint to allege more specific facts
7  regarding Rogers's role in the alleged constitutional deprivations. This ruling also should apply to
8  Robinson's state law claims in Count II, which the court will discuss next.

### 3. Count II (State Law Claims)

Robinson's state law claims in Count II allege assault and battery in violation of Nevada Revised Statute ("NRS") 200.481(1)(a) under "supplemental jurisdiction." (Doc. # 1-1 at 11.) "[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to [federal claims] that they form part of the same case or controversy under Article III . . . ." 28 U.S.C. § 1367(a). Nonfederal claims are part of the same "case" as federal claims when they "'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" *Finley v. United States*, 490 U.S. 545, 549 (1989) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *accord Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

In this case, there is no question that Robinson's state law claims for assault and battery "derive from a common nucleus of operative fact" as his federal claims. As mentioned previously, Robinson's state law claims arise from the exact same set of facts as his federal claims, i.e., Defendants' seizure of him at his house following the domestic dispute he had with his wife. However, NRS 200.481(1)(a) is the *criminal* statute that punishes battery only. It is exclusively within the purview of the appropriate state prosecuting authority can bring such a criminal claim. Nevertheless, a liberal reading of Robinson's Complaint allows the court to presume Robinson has *common law* claims for assault *and* battery. Therefore, pursuant to section 1367(a), it is recommended that the court should exercise supplemental jurisdiction over these claims.

### *4. Leave to Amend to Cure Deficiency of Complaint*

The court recommends dismissal without prejudice of Robinson's procedural due process claim under the Fourteenth Amendment and his claims against Rogers, on the basis that these claims lack factual specificity. As a result, Robinson should have leave to file an amended complaint. If Robinson elects to file an amended complaint, he is instructed as follows:

First, with regard to his procedural due process claim under the Fourteenth Amendment, Robinson is advised that he should: (a) clarify how he was denied due process of law and (b) support the claim with specific factual allegations about post-seizure remedies provided by state law or the common law; and

Second, with regard to his claims against Rogers, Robinson is instructed that he should: (a) clarify what constitutional right (or rights) he believes Rogers violated, and (b) support each claim with specific factual allegations about Rogers's conduct.

Robinson is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-1 requires an amended complaint to be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *But cf. Lacey v. Maricopa County*, 693 F.3d 896, 925-29 (9th Cir. 2012) (a plaintiff does not waive any claims on appeal by filing an amended complaint if the missing claims were dismissed with prejudice by the court). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficient. If Robinson does not file an amended complaint, this action will shall be dismissed.

### III. CONCLUSION

**IT IS HEREBY RECOMMENDED** that:

1. Robinson's application for leave to proceed *in forma pauperis* (Doc. # 1) should be **GRANTED**. The Clerk of the Court should be instructed to **DETACH** and **FILE**

Robinson's Complaint (Doc. # 1-1). The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status should not extend to the issuance of subpoenas at government expense;

2. Robinson's Complaint **SHOULD PROCEED** on the Fourth Amendment unreasonable seizure (excessive force) claim in Count I as to Defendants Landa, Fay and Dove;

3. Robinson's Complaint **SHOULD PROCEED** on the supplemental common law claims of assault and battery in Count II under 28 U.S.C. section 1367 as to Defendants Landa, Fay and Dove;

4. Robinson's Fifth Amendment claim, his Eighth Amendment claim, and his substantive due process claim under the Fourteenth Amendment in Count I should be **DISMISSED WITH PREJUDICE** and **without leave to amend**;

5. Robinson's procedural due process claim under the Fourteenth Amendment should be **DISMISSED WITHOUT PREJUDICE** and **with leave to amend**;

6. Rogers should be **DISMISSED** as a defendant **WITHOUT PREJUDICE** and **with leave to amend**; and

7. Robinson should be given **thirty (30) days** from the date of the District Judge's Order adopting the Report and Recommendation within which to file an amended complaint remedying, if possible, the defects in the Complaint explained above. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Robinson is cautioned that if he fails to file an amended complaint within the time period specified above, the action will be dismissed. Robinson shall clearly title the amended complaint as such by placing the words "AMENDED COMPLAINT" on page 1 in the caption, and plaintiff shall place the case number, **3:12-CV-00525-LRH-WGC**, above the words "AMENDED COMPLAINT"in the space for "Case No."

The parties should be aware of the following:

1. They may file, pursuant to 28 U.S.C. section 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Judge; and

2. This Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Judge's judgment.

DATED: November 14, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE