1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

GARY ROBINSON,                         )        3:12-cv-00525-LRH (WGC)
                                       )
            Plaintiff,                 )        **ORDER**
                                       )
            vs.                        )
                                       )
LUIS LANDA, et al.                     )
                                       )
            Defendants.                )
_____)

Before the court is Plaintiff's Motion for Status Check (Doc. # 8)[1] and Amended Complaint
(Doc. # 4).

**I. BACKGROUND**

**A. Original Complaint and Screening**

On September 27, 2012, Plaintiff filed his application for leave to proceed in forma pauperis
and complaint. (Doc. # 1.) The case was assigned to United States District Judge Larry R. Hicks and
the undersigned Magistrate Judge William G. Cobb. Because Plaintiff sought to proceed in forma
pauperis, the court was required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which
provides that "the court shall dismiss the case at any time if the court determines that...the action or
appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief maybe granted; or (iii)
seeks monetary relief against a defendant who is immune from such relief."

On November 14, 2012, the undersigned issued a report and recommendation that Plaintiff's
application to proceed in forma pauperis be granted. (Doc. # 3.) In addition, the court reviewed and

_____
[1]Refers to court's docket number.

1    screened Plaintiff's complaint, and recommended that certain claims be allowed to proceed, certain

2    claims be dismissed with prejudice, and yet others be dismissed with leave to amend. (*Id.*)

3         Generally, Plaintiff's action stems from an incident that occurred on June 17, 2011, when he

4    had a domestic argument with his wife and his grandson called the Humboldt County Sheriff's

5    Department, which led to the arrival of defendants Landa, Fay, Dove, and eventually Rodgers to

6    Plaintiff's home. (Doc. # 1-1 at 4.) Plaintiff alleged that he waived his hands in the air and told the

7    deputies that he was unarmed; nevertheless, Plaintiff claims that Landa grabbed his wrist, placed

8    handcuffs on him and told him he was going to prison. (*Id.* at 5.) Landa then began to yank and pull on

9    Plaintiff's cuffed right arm. (*Id.*) Plaintiff asserts that defendant Fay then joined in and shot him with

10   a taser gun but Robinson was able to remove the taser darts before they activated; however Fay jumped

11   on Robinson's back and drove him to the ground, at which point Landa, who was still restraining his

12   arm, began kicking him on the left side of his face. (*Id.* at 8.) In the meantime, Plaintiff claims that Fay

13   and Dove were hitting him with their fists and night sticks, and kicking and punching him in the ribs

14   and back of his head. (*Id.*) Defendant Rodgers, another deputy, arrived on the scene later, and according

15   to Plaintiff, did nothing to intervene to stop the force being employed. (*Id.*) Plaintiff claims he was

16   never informed of the charges against him or that he was under arrest (*id*. at 5), and was seventy-two

17   years old at the time (*id*. at 7). He claims that his left eye socket was fractured and that his left eye fell

18   out and had to be re-attached, and this affected his visual acuity. (*Id.* at 7-10.) He also asserts that one

19   of the deputies shot and killed his dog, which caused him emotional distress. (*Id.*)

20        The undersigned concluded that Plaintiff states a Fourth Amendment excessive force claim

21   against Humboldt County Sheriff's Deputies Landa, Fay and Dove in Count One, and therefore, he

22   should be permitted to proceed as to this claim. (Doc. # 3 at 4- 6.) With respect to defendant Rodgers,

23   dismissal without prejudice was recommended, allowing Plaintiff to allege more specific facts

24   concerning Roger's role in the alleged constitutional deprivations. (Doc. # 3 at 10.)

25        The undersigned recommended dismissal with prejudice of Plaintiff's Fifth and Eighth

26   Amendment claims, as well as his Fourteenth Amendment substantive due process claim in Count One.

27   (*Id*. at 6-7.) To the extent Plaintiff was attempting to assert a procedural due process claim in Count

28

1  One, it was recommended that the claim should be dismissed with leave to amend so that Plaintiff could

2  allege specific facts to show that the State's post-seizure remedies, or remedies conferred by the

3  common law, were insufficient or unavailable. (*Id*. at 8-9.)

4    Count Two asserts the State law claims of assault and battery in violation of Nevada Revised

5  Statute 200.481(1)(a). (Doc. # 1-1 at 11.) It was recommended that supplemental jurisdiction be

6  exercised over these claims and that they be allowed to proceed. (Doc. # 3.)

7    It was further recommended that Plaintiff be given thirty days from the date of the district

8  judge's order adopting the report and recommendation to file an amended complaint. (Doc. # 3 at 12.)

9  **B. Plaintiff Files his Amended Complaint, the District Judge  Adopts  the Report &**

10 **Recommendation, and Plaintiff files a Request for a Status Check**

11   On November 29, 2012, prior to the district judge issuing an order concerning the report and

12 recommendation, Plaintiff filed his Amended Complaint. (Doc. # 4.) United States District Court Judge

13 Larry R. Hicks subsequently entered an order adopting and accepting the report and recommendation

14 on January 9, 2013. (Doc. # 5.) The order directed that the original complaint be filed, allowed the

15 complaint to proceed and permitted amendment as recommended within thirty days. (*Id*.)

16   On April 16, 2013, the case was then reassigned to United States District Judge Miranda M. Du.

17 (Doc. # 7.)

18   Likely because the Amended Complaint was filed before the original complaint was actually

19 filed, the Amended Complaint was not immediately screened.

20   Preliminarily, the court apologizes to Plaintiff for the delay in proceeding with a screening of

21 the Amended Complaint which appears to be due to the procedural anomaly outlined above, and thanks

22 Plaintiff for his diligence in bringing this matter to the court's attention through his motion for a status

23 check. The court will now proceed with screening Plaintiff's Amended Complaint.

24                 **II. SCREENING OF PLAINTIFF'S AMENDED COMPLAINT**

25   The court will now screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915. The

26 standard under which the court screens the pleading is set forth in detail in the court's report and

27 recommendation screening Plaintiff's original complaint. (*See* Doc. # 3.)

28
                                            3

1    Plaintiff's Amended Complaint, like the original complaint, contains two counts. (Doc. # 4.)

2    Count One contains a claim under the Fourth Amendment related to the alleged use of excessive force

3    by the Humboldt County Sheriff's Deputies who arrived at his home following a call made by his

4    grandson concerning a domestic dispute. (*Id*.) This claim is predicated on the same facts as were

5    asserted in the original complaint, outlined above, with some additional averments as to defendant

6    Rodgers. Plaintiff has omitted any reference in the amended complaint to the Fifth, Eighth, and

7    Fourteenth Amendment claims that were dismissed with prejudice on screening. To the extent he was

8    given leave to amend to assert a procedural due process claim, he does not include those allegations in

9    the Amended Complaint; therefore, the court concludes that claim was not carried forward to the

10   Amended Complaint. As it did in the original complaint, Count Two contains Plaintiff's state law

11   claims for assault and battery in violation of Nevada Revised Statute 200.481(1)(a). The court has

12   already indicated it exercises supplemental jurisdiction over those claims and they are allowed to

13   proceed.

14   Since the court already determined that the Fourth Amendment claim in Count One and State

15   law claims in Count Two can proceed against defendants Landa, Fay and Dove, it is only tasked with

16   screening the claims in Counts One and Two as to defendant Rodgers. In his Amended Complaint,

17   Plaintiff alleges that while the other defendants were beating him, defendant Rodgers arrived and saw

18   their conduct, yet did nothing to intervene, nor did he report the incident. (Doc. # 4 at 8.) He further

19   alleges that defendant Rodgers heard him screaming and pleading for help, but only said "I'm outta

20   here" as he "turned with a smile and walked away." (*Id*. at 9.)

21   "The [non-participating officer] may be held liable only if [he or she] personally deprived [the

22   plaintiff] of a constitutional right by failing to perform an act which they were legally required to do

23   which was the cause in fact of the [plaintiff's] injuries." *Ting v. U.S.*, 927 F.2d 1504, 1511 (9th Cir.

24   1991) (citation omitted) (concluding, however, that onlooking officers were not liable when they did

25   not know force would be used and were physically incapable of preventing the incident). "[W]hile state

26   officials are generally under no constitutional duty to protect members of the public at large from harm

27   from third parties, 'such a duty may arise by virtue of a "special relationship" between state officials

28

4

1    and a particular member of the public.'" *Id*. (citation omitted). "A 'special relationship' exists where

2    the state has created or assumed a custodial relationship with the plaintiff." *Id*. (citation omitted).

3           District courts within the Ninth Circuit, as well as other circuits have held that a law

4    enforcement officer may be subject to liability under 42 U.S.C. section 1983 if he or she  fails to

5    intervene when confronted with the use of excessive force when he or she had a reasonable opportunity

6    to do so.  *See, e.g.,  Broadwater v. Fow*, --- F.Supp.2d.---, Civil Action No. 1:12-CV-1937, 2013 WL

7    2038806, at *  (M.D. Pa. May 14, 2013) (citing *Smith v. Mensinger*, 293 F.3d 641, 650-52 (3d Cir.

8    2002); *Baker v. Monroe Twp*., 50 F.3d 1186 (3d Cir. 1995)) ("Regardless of ...supervisory status, a law

9    enforcement officer may be liable under § 1983 if he fails to intervene in the improper use of force

10   when he has a reasonable opportunity to do so." Finding that plaintiff successfully alleged a claim

11   against officers who witnessed other officers beating plaintiff and did not attempt to intervene or stop

12   the conduct); *Ramirez-Lluveras v. Pagan-Cruz*, 833 F.Supp.2d 151, 163 (D. PR 2011) (quoting *Igartua*

13   *v. Muniz Estrada*, No. 10-1891, 2011 WL 3652616, at * 4 (D.PR Aug. 18, 2011) (quoting *Gaudreault*

14   *v. Munic. of Salem, Mass*, 923 F.2d 203, 207 n. 3 (1st Cir. 1990))) ("To state a claim for failure to

15   intervene under section 1983, [a plaintiff] must plead that '[a]n officer who is present on the

16   scene...fails to take reasonable steps to protect the victim of another officer's use of excessive

17   force.'...Nevertheless, an officer is not liable if the officer did not have the opportunity to prevent the

18   use of force."); *Thompson v. Boggs*, 33 F.3d 847, 857 (7th Cir. 1994), *cert. denied*, 514 U.S. 1063

19   (1995);  *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996) ("a law enforcement official who fails

20   to intervene to prevent another law enforcement official's use of excessive force may be liable under

21   § 1983.").

22          The court concludes that Plaintiff has sufficiently stated a claim against defendant Rodgers

23   under the Fourth Amendment based on his alleged failure to act or intervene as the remaining

24   defendants were allegedly inflicting excessive force upon Plaintiff. Plaintiff has alleged facts that when

25   construed in his favor assert that he was in custody of the other defendants, who were unnecessarily

26   beating him, that defendant Rodgers had a reasonable opportunity to intervene, but failed to do so. In

27

28                                                          5

contrast to *Ting*, where the Ninth Circuit concluded that the non-shooting officer did not have an opportunity to intervene, Plaintiff's allegations indicate that defendant Rodgers did have an opportunity to intervene because according to Plaintiff, he arrived as the other defendants were beating Plaintiff, and even when Plaintiff screamed to him for help, he turned and walked away.

Therefore, Plaintiff 's Amended Complaint may proceed as to his  Fourth Amendment claim against defendants Landa, Fay, Dove, and Rodgers, as well as his corresponding State law claims in Count II.

### III. CONCLUSION

1. Plaintiff's motion for a status check (Doc. # 8) is **GRANTED**.  Plaintiff's amended complaint (Doc. # 4) may **PROCEED** only on the Fourth Amendment unreasonable seizure (excessive force) claim in Count I as to defendants Landa, Fay, Dove, and Rodgers in Count One and the supplemental State law claims of assault and battery in Count Two as to defendants Landa, Fay, Dove and Rodgers;

2. The Clerk shall **ISSUE** summons to the defendants and deliver the same to the U.S. Marshal for service. The Clerk shall **SEND** Plaintiff sufficient copies of the complaint and service of process forms (USM-285) for each defendant. Plaintiff should be given twenty days in which to furnish the U.S. Marshal the required forms. Within twenty days after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the court identifying the name of the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. Plaintiff is reminded that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days of the date of this order.

3. Henceforth, Plaintiff shall serve upon the defendants or, if appearance has been entered by counsel, upon the attorney(s) a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the clerk of the court a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  The court may disregard any paper received by a district judge

1  or a magistrate judge which has not been filed with the clerk of the court, and any paper received by

2  a district judge, magistrate judge or clerk of the court which fails to include a certificate of service.

3  **IT IS SO ORDERED**.

4  DATED:   August 15, 2013.

5

6  _____
   WILLIAM G.  COBB
7  UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28