# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GARY ROBINSON, | 3:12-cv-00525-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: Docs. # 39, # 40 |
| LUIS LANDA, et. al. | |
| Defendants. | |

Before the Court are Plaintiff's Motion for Appointment of Counsel (Doc. # 39)[1] and Motion for Court Examination on Plaintiff's Legal Knowledge and Ability to Articulate (Doc. # 40). These motions have been docketed separately by the Clerk's office because they seek two forms of relief; however, the documents are identical. Defendants have filed a response. (Doc. # 41.) Plaintiff filed a reply. (Doc. # 43.)

**A. MOTION FOR APPOINTMENT OF COUNSEL (DOC. # 39)**

Plaintiff acknowledges that he has no constitutional right to the appointment of counsel (*id*. at 1); however he contends that the court has the power to appoint an attorney in limited circumstances under 28 U.S.C. § 1915(e), which governs persons proceeding in forma pauperis such as Plaintiff. (*Id*. at 1-2.) Plaintiff likewise acknowledges that he must demonstrate a likelihood of success on the merits and an inability to articulate his claims. (*Id*.)

First, Plaintiff claims he is likely to succeed on the merits of his excessive force claim because his underlying conviction was premised on his allegedly ordering a dog to attack, yet he was not charged with resisting, obstructing or using force against the officers during his arrest. (*Id*.) Therefore, he reasons that the officers will be found to have used excessive force against him. (*Id*.)

---

[1] Refers to court's docket number.

1    Second, Plaintiff states that he has no legal knowledge or formal education. (*Id*. at 3.) He

2    contends that his case will involve the utilization of expert testimony regarding the injuries he

3    suffered to his face, which weighs in favor of appointing counsel. (*Id*.)

4    Finally, he argues that counsel should be appointed because the defendants have made a

5    demand for a jury trial in this action. (*Id*.)

6    **B. MOTION FOR COURT EXAMINATION OF PLAINTIFF'S LEGAL KNOWLEDGE**

7    **AND ABILITY TO ARTICULATE (DOC. # 40)**

8    In connection with the analysis of whether Plaintiff is able to articulate his claims,

9    Plaintiff requests the court to hold a hearing to inquire into Plaintiff's legal knowledge and

10   understanding, which he is convinced will demonstrate he is ill-equipped to litigate this case. (*Id*.

11   at 3-4.)

12   **C. DEFENDANTS' RESPONSE (DOC. # 41)**

13   Defendants point out that Plaintiff previously filed a motion to allow inmate Christopher

14   Jones to act as his "lay assistant" to aid him in litigating this matter, (Doc. # 15) and while the

15   court denied this motion, it stated that it would not preclude Plaintiff from consulting with Mr.

16   Jones regarding this case (Doc. # 23).  Defendants go on to argue that Plaintiff should not be

17   appointed counsel at this time because he has not established a likelihood of success on the

18   merits and has demonstrated that he does in fact have an ability to articulate his claims. (*Id*.)

19   **D. ANALYSIS**

20   **1. Defendants' Response**

21   In his reply brief, Plaintiff argues that the court should disregard Defendants' reply brief

22   because it was untimely. (Doc. # 43.) Plaintiff is correct that the motion should have been filed

23   on April 3, 2014, but was not filed until April 7, 2014. Even disregarding Defendants' response,

24   the court comes to the same conclusion—counsel should not be appointed.

25   Plaintiff also brings up perceived deficiencies with Defendants' responses to discovery.

26   The court will address Plaintiff's assertions regarding discovery in connection with the motion to

27   compel (Doc. # 45) filed by Plaintiff once briefing on that motion is complete.

28   ///

1

**2. Motion for Appointment of Counsel (Doc. # 39)**

2      "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez,* 560 F.3d

3   965, 970 (9th Cir. 2009) (citation omitted). However, Plaintiff is correct that 28 U.S.C. § 1915,

4   governing in forma pauperis proceedings, provides that the court may request an attorney to

5   represent a person who cannot afford counsel. 28 U.S.C. § 1915(e)(1). Such an appointment is

6   within the court's discretion, and should only be done when "extraordinary circumstances" are

7   present. *Id*. (citation omitted). "When determining whether 'exceptional circumstances' exist, a

8   court must consider 'the likelihood of success on the merits as well as the ability of the petitioner

9   to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id*.

10   (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir 1983)).  "Neither of these considerations

11   is dispositive and instead must be viewed together." *Id*. (citation omitted).

12      First, Plaintiff has not established a likelihood of success on the merits. This case

13   involves Plaintiff's claim that the defendant officers used excessive force against him in

14   effectuating his arrest in front of his residence in violation of the Fourth Amendment. The legal

15   standard for determining whether excessive force was used is an objective one which looks at

16   whether the officers' actions were "objectively reasonable in light of the facts and circumstances

17   confronting them, without regard to the underlying intent or motivation." *Graham v. Connor*,

18   490 U.S. 386, 297 (1989).

19      Plaintiff points to his version of events—that Defendants used excessive force under the

20   circumstances because he was never charged with obstructing, resisting or otherwise using

21   excessive force against the officers—to argue that he is going to be successful in this action. Yet,

22   he ignores Defendants' version of events—that their use of force was reasonable because when

23   they arrived at the residence Plaintiff ordered his pit bull to attack them.  (*See* Answers at Docs.

24   # 16 at 4-5, # 28 at 4-5, # 31 at 4-5.) He further ignores the fact that the legal standard (which he

25   has correctly identified) involves an objective inquiry and weighing of those events. The

26   standard is not focused on Plaintiff's subjective intent in conducting himself that day, just as it is

27   not focused on the officers subjective intent regarding their actions that day.

28

1    Second, Plaintiff's motion actually demonstrates his ability to articulate his claims as
2    opposed to an inability. Plaintiff has correctly identified the legal standard applied to a Fourth
3    Amendment excessive force claim and has reasonably articulated his argument as to why he
4    believes the officers used excessive force. While Plaintiff is not formally educated in the law,
5    this is the quandary faced by most pro se plaintiffs. The standard for appointing counsel
6    articulated by the Ninth Circuit does not inquire into whether the applicant has received formal
7    legal training, but instead focuses on whether the applicant is likely to succeed on the merits and
8    whether he can aptly articulate his claims. The court here determines Plaintiff has demonstrated
9    an ability to articulate his claims.

10    Third, while he asserts that his case is complex because expert testimony regarding his
11    injuries is necessary, Plaintiff fails to acknowledge that he himself may testify about injuries he
12    allegedly suffered. This is a straight-forward excessive force case and with admitted knowledge
13    of the legal standard and presumed knowledge of the facts supporting his claim, Plaintiff can
14    adequately proceed in litigating this action.

15    Fourth, in his reply, Plaintiff argues that counsel should be appointed to protect him and
16    "the integrity of the judicial process" from defense counsel's disrespect for the rules. (Doc. # 43
17    at 2-3.) Specifically, Plaintiff points to Defendants' untimely response to this motion and a
18    pending discovery dispute. (*Id.*) Plaintiff, however, has validated that he is more than apt to point
19    out and litigate asserted issues with defense counsel's conduct when he raised their untimely
20    response to this motion and filed a motion to compel regarding the discovery dispute.

21    Finally, Plaintiff raises the argument in his reply brief that he has no access to the law
22    library and even if he did he would not know how to use it. (Doc. # 43 at 4.) The court points out
23    that Plaintiff, perhaps via inmate Jones, has access to some sort of legal research material
24    because his briefing includes citation to legal authority. The court cannot conclude that any
25    alleged inability to access the law library has hampered his efforts to litigate this matter. The
26    right of access to courts is only a right to bring complaints to the federal court, not a right to
27    discover such claims or litigate them effectively once filed with the court. *See Lewis v. Casey*,
28    518 U.S. 343, 354-55 (1996); *Cornett v. Donvan*, 51 F.3d 894, 898 (9th Cir. 1995). While

1   prisons are required to provide "adequate law libraries or adequate assistance from persons

2   trained in the law," *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *limited in part on other grounds*

3   *in Lewis*, 518 U.S. at 354), prisoners are "guarantee[d] no particular methodology but rather the

4   conferral of the capability—the capability of bringing contemplated challenges to sentences or

5   conditions of confinement before the courts...[which] is the touchstone" of the right of access to

6   the courts, *Lewis*, 518 U.S. at 356-57.

7         For these reasons, Plaintiff's Motion for Appointment of Counsel (Doc. # 39) is

8   **DENIED**.

9         **3. Motion for Court Examination of Plaintiff's Legal Knowledge and Ability to**

10  **Articulate (Doc. # 40)**

11        The court has advised Plaintiff of the prerequisites for the appointment of counsel in a

12  civil case under 28 U.S.C. § 1915(e)(1). Having failed to demonstrate that exceptional

13  circumstances exist justifying the appointment of counsel, a hearing inquiring into Plaintiff's

14  legal knowledge is unnecessary. Therefore, Plaintiff's motion (Doc. # 40) is **DENIED**.

15  **E. CONCLUSION**

16        Plaintiff's motions (Docs. # 39, # 40) are **DENIED**.

17  **IT IS SO ORDERED**.

18  DATED: May 23, 2014.

19                                              _____
                                                 WILLIAM G. COBB
20                                               UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28