# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GARY ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LUIS LANDA, et. al.<br><br>　　　　　Defendants. | 3:12-cv-00525-MMD-WGC<br><br>**ORDER**<br><br>Re: Doc. # 44 |

　　　　Before the court is Plaintiff's Motion for Subpoenas and Order Allowing Service by Mail. (Doc. # 44.)[1] Defendants have filed a response. (Doc. # 46.) No reply has been filed.

　　　　Plaintiff requests the issuance of four subpoenas and an order allowing them to be served via mail due to his in forma pauperis status as he cannot afford the service fees. (Doc. # 44 at 1.) Plaintiff seeks the subpoenas to obtain his medical records, stating that Defendants refused to produce them notwithstanding that Plaintiff provided a signed medical release along with his Rule 34 request for production of documents. (*Id*.)

　　　　Defendants oppose the motion, stating that Plaintiff should only have to send a letter to his medical care providers along with a copy of his signed medical release in order to obtain his records, and court intervention is not necessary. (Doc. # 46 at 1.) In addition, Defendants assert that the records of Humboldt General Hospital relating to Plaintiff which were in the files of the Humboldt County Sheriff's Office were produced to Plaintiff, bates labeled HC00100 to HC00119. (*Id*. at 1-2.)

　　　　Defendants are correct that under the Health Insurance Portability and Accountability Act (HIPPA), a patient has, with few exceptions, a right to inspect, review and receive copies of medical and billing records held by health plans and providers covered by HIPPA. That being

---

[1] Refers to court's docket number.

said, the plans or providers may charge reasonable, cost-based fees covering the cost of copying to provide the patient with copies.

In addition, Defendants assert that Plaintiff was provided with copies of his medical records from Humboldt General Hospital that were in the files of the Humboldt County Sheriff's Office.

If Plaintiff has not obtained the records he seeks from Defendants or cannot obtain them via a request governed by HIPPA, the court will address his request for the issuance of subpoenas to obtain the documents and request for an order that he be permitted to serve them via mail.

Rule 45(a)(3) provides that the "clerk must issue a subpoena, signed but otherwise blank, to a party who requests it. That party must complete it before service." Rule 45 goes on to require that "[i]f the subpoena commands the production of documents...then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). "Any person who is at least 18 years old and not a party may serve a subpoena." Fed. R. Civ. P. 45(b)(1). "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

While the personal service requirement is not explicit in Rule 45, the majority of courts to consider the issue, including the Ninth Circuit in an unpublished decision, have held that personal service of a subpoena duces tecum is required. *See Chima v. U.S. Dep't. of Defense*, 23 Fed. Appx. 721, 2001 WL 1480640, at * 2 (9th Cir. Dec. 14, 2001); *see also Newell v. County of San Diego*, No. 12CV1696-GPC (BLM), 2013 WL 4774767, at * 2-3 (S.D. Cal. Sept. 5, 2013); *Prescott v. County of Stanislaus*, No. 1:10-cv-00592 JLT, 2012 WL 10617, at * 2-3 (E.D. Cal. Jan. 3, 2012).

///
///
///
///

Therefore, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. The Clerk is directed to **ISSUE** four blank subpoenas to Plaintiff; however, Plaintiff is then responsible for filling out the subpoenas and properly serving them in accordance with Rule 45. **IT IS SO ORDERED**.

DATED: May 23, 2014.

*William G. Cobb*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE