# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| GARY ROBINSON, | ) | 3:12-cv-00525-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re Plaintiff's Motion to Compel |
| LUIS LANDA, et al., | ) | Doc.# 45 |
| Defendants. | ) | |

Before the court is Plaintiff's Motion to Compel (Doc. # 45).[1] Defendants have responded (Doc. # 48) and Plaintiff has replied (Doc. # 52).

## I. BACKGROUND

Local Rule 26-7 requires, with respect to a discovery motion, that the movant certifies he or she first attempted to sincerely resolve the discovery dispute. (L.R. 26-7(b).) Plaintiff appear to have satisfied this requirement. (Doc. # 45 at 2, 8 and 9.)

However, Local Rule 26-7(a) also requires a discovery motion to "set forth in full the text of the discovery originally sought and the response thereto, if any." Although Plaintiff's motion sets forth the text of 6 requests (Doc. # 45 at 15), he does not provide the Defendants' responses. The text of these requests cover a multitude of subjects: photographs of officers (Request No. 3); Plaintiff's medical file (Request No. 4); statements (Request No. 5); other photographs (Request No. 6); Crime scene photographs (Request No. 7); and the Animal Control report (Request No. 8). (*Id.* at 15.) However, the motion seems to narrow the discovery dispute to pictures of Wanda Robinson. At page 6 of Plaintiff's

---

[1] Refers to court's docket number.

motion, Plaintiff states his motion "encompass the pictures of Wanda Robinson's injuries... ." (*Id*. at 6.)

While the foregoing may have narrowed–and identified–the precise subject of Plaintiff's motion to compel, the court is left to surmise the nature of Defendants' response. However, defense counsel's letter of April 28, 2014 (*id* at 12, 13), seems to state three grounds for not producing the photographs:

(a)   Requests 6 and 7 would not encompass any photographs of Plaintiff's wife (Doc. # 45. at 12);

(b)   Because Plaintiff was not charged with a battery on his wife (he was instead charged with "resistance to arrest"; Doc. # 48 at 3), any photographs of Plaintiff's wife are irrelevant (Doc. # 45 at 12); and,

(c)   No such photographs (of Mrs. Robinson) exist (Doc. # 45 at 13).

Additionally, although also not attaching copies of their discovery responses, Defendants' opposition to Plaintiffs motion to compel (Doc. # 48) sheds more light on the discovery dispute. Defendants state Request No. 6 only requested photographs "of the Plaintiff." Defendants state those pictures–of the defendant–have been produced. Request No. 6, Defendants argue, did not seek production of pictures of Plaintiff's wife. (Doc. # 48 at 1-2.)

As to Request No. 7, which sought all "crime scene photographs...on 6-17-11," Defendants argue that no photographs were taken of Mrs. Robinson on June <u>17</u>; instead, the photographs were taken on June <u>21</u>. Thus, Defendants argue, the June 21 photographs of Mrs. Robinson the Sheriff's Department did take were beyond the scope of the request.

Defendants also assert the photographs were not produced "out of a concern for the health, safety, and well-being of Mrs. Robinson and privacy concerns attendant to her." Doc. # 48 at 2.)  However, no declaration from Mrs. Robinson accompanied the opposition expressing any health, safety or privacy concerns.

Plaintiff's reply references the Defendants' admission an investigative report "prepared by Deputy Landa in the matter indicates he took photographs of Mrs. Robinson on the date of the incident" and that Defendants now state "such is not the case." (Doc. # 52 at 2, citing Doc. # 48 at 2). Plaintiff also argues the request should be interpreted to include photographs taken 4 days later. He contends the pictures "figure prominently in the defendants case." (Doc. # 52 at 2.)

2

## II. DISCUSSION

Although here has been a technical failure to comply with Local Rule 26-7(a) with regard to the submission of the disputed discovery, the court has been able to discern the subject of the motion to compel and the basis of Defendants' opposition.

The court believes Request No. 6, which seeks production of photographs "of the plaintiff," cannot reasonably be read to include photographs taken of Plaintiff's wife. Plaintiff's motion is **DENIED** as to Request No. 6.

The Landa report states that photographs of Mrs. Robinson were taken on June 17. However, if Deputy Landa did not take photographs of Mrs. Robinson on June 17, but that Deputy Loveless did so on June 21, the court concludes that the scope of Plaintiff's Request No. 7 would extend to the Loveless photographs. Plaintiff's motion is **SUSTAINED** as to Request No. 7, although under certain conditions.

While the Defendants may not have properly documented any privacy, well being or security concerns pertaining to Mrs. Robinson, the court appreciates that those matters Defendants have raised may be legitimate. Therefore, although the Nevada Department of Corrections (NDOC) is not involved in this lawsuit, rather than producing the Loveless photographs directly to Plaintiff, the photographs shall be delivered to the office of the Warden of the Northern Nevada Correctional Center with a request from the Defendants that the Warden make the photographs available for inspection by Plaintiff. After receiving confirmation from the Defendant the pictures have been submitted to the Warden's Office, Plaintiff shall "kite" the Warden's office requesting an opportunity to review them. If Plaintiff wishes to use the photographs with respect to any dispositive motion, he shall tab the photographs for later identification. If Plaintiff is denied a reasonable request for inspection of the photographs, he shall so advise the court.

///
///
///
///
///

## III.  CONCLUSION

Plaintiff's motion to compel as to Request No. 6 is **DENIED**. Plaintiff's motion to compel as to Request No. 7 is **GRANTED,** consistent with the terms of this Order.

IT IS SO ORDERED.

DATED: May 29, 2014.

*William G. Cobb*
_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE