1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8

9   GARY ROBINSON,                    )        3:12-cv-00525-MMD-WGC
                                      )
10              Plaintiff,            )              **ORDER**
                                      )
11        vs.                         )     re Emergency Motion to Reconsider
                                      )
12   LUIS LANDA, et al.,              )              Doc. # 57
                                      )
13              Defendants.           )
    _____ )

14

15        Before the court is Plaintiff's Emergency Motion to Reconsider (Doc # 56). (Doc. # 57.)[1] Plaintiff

16   seeks the court to reconsider the component of its order regarding a discovery dispute. The court's order

17   required Defendants to produce copies of photographs taken of Plaintiff's wife. However, the court also

18   ordered that Defendants should produce these photographs to the warden of Northern Nevada

19   Correctional Center (NNCC) and Plaintiff should "kite" the warden's office to inspect them. (Doc. # 56

20   at 3.) Plaintiff's motion argues he should be entitled to have the photographs in his cell. For the reasons

21   stated in this Order, Plaintiff's motion is denied.

22                  **I. STANDARDS RELATING TO EMERGENCY MOTIONS**

23        Local Rule 7-5 pertains to emergency motions. Any motion characterized as "emergency" in

24   nature must be accompanied by an affidavit which sets forth:

25        (1)   The nature of the emergency;
          (2)   The addresses and telephone numbers of movant and affected
26              parties; and,
          (3)   A statement of movant certifying that, after personal consultation
27              and sincere effort to do so, movant has been unable to resolve the
                matter without Court action. The statement also must state when

28

    _____

    [1] Refers to court's docket number.

1
2
3
4

> and how the other affected party was notified of the motion or, if the other party was not notified, why it was not practicable to do so. If the nature of the emergency precludes such consultation with the other party, the statement shall include a detailed description of the emergency, so that the Court can evaluate whether consultation truly was precluded. It shall be within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency.

5      Local Rule 7-5.

6          Plaintiff states that the emergency motion should be granted to avoid "manifest injustice." (Doc.

7      # 57.) However, not only has Plaintiff failed to characterize the "emergency" which is supposedly

8      presented by the court's order, he has not demonstrated any "manifest injustice" which might result from

9      this court's Order. Merely because this court has ordered Plaintiff is to review the photographs in the

10     warden's office, and because his inmate assistant might not personally be also able to view them (Doc.

11     # 57 at 2-3), does not create any injustice, let alone manifest injustice.

12                                    **II.  DISCUSSION**

13         As Defendants argued in their opposition to Plaintiff's underlying motion, the relevancy of the

14     photographs of Plaintiff's wife is remote at best in any event. (Doc. # 48 at 3.) The Plaintiff's civil rights

15     action is based upon excessive force supposedly inflicted on Plaintiff when officers came to his

16     residence to investigate an alleged spousal battery. (Screening Order, Doc. # 3; amended Complaint,

17     Doc. # 6.) Plaintiff's allegations against Defendants are predicated upon claims of "unnecessary and

18     excessive use of force" and "assault and battery." (Doc. # 6 at 2.)  Plaintiff alleges his grandson called

19     the sheriff's department as a result of a "domestic argument" between Plaintiff and his wife. (*Id*. at 4.)

20     Although Plaintiff characterizes the argument with his wife as being "non-violent," whether it was or

21     was not is not particularly relevant to an allegation of use of excessive force. It was a close question to

22     begin with whether the photographs were even relevant to Plaintiff's claims, and whether Plaintiff should

23     even have access to those photographs. The court decided to err on the side of having this evidence

24     produced. However, that Plaintiff may have to inspect the photographs in the warden's office does not

25     work an injustice on Plaintiff. This requirement presents no more of a burden on Plaintiff than does

26     adherence to Nevada Department of Corrections (NDOC) regulations an inmate may not possess his

27     medical records in his cell and the inmate must "kite" to review them. NDOC Administrative Regulation

28     639.02(8).

### III.  CONCLUSION

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sh. Dist. No. 1J v. Acands, Inc.*, 5 F.3d. 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled. *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

Plaintiff has not demonstrated any valid reason the court should reconsider its prior order. The court's decision was clearly not erroneous nor was it manifestly unjust.

Plaintiff's motion (Doc. # 57) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  June 9, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE