UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GARY ROBINSON,<br><br>　　　　　　Plaintiff,<br>v.<br>LUIS LANDA, et al.,<br>　　　　　　Defendants. | Case No. 3:12-cv-00525-MMD-WGC<br><br>ORDER<br><br>(Plf's Objections or Motion for District Judge to Reconsider Order<br>– dkt. no. 60) |

**I.　SUMMARY**

Before the Court is Plaintiff Gary Robinson's Objections re LR IB 3-1 or Motion for District Judge to Reconsider (dkt. no. 60) ("Objections"). Plaintiff's Objections address Magistrate Judge William G. Cobb's ruling on an Emergency Motion to Reconsider regarding Judge Cobb's May 29, 2014, Order granting in part and denying in part Plaintiff's Motion to Compel. The Court finds that Judge Cobb's denial of reconsideration of his May 29, 2014, Order was not clearly erroneous or contrary to law. Accordingly, Plaintiff's Objections are overruled and denied.

**II.　BACKGROUND**

The facts of this case are set out in Judge Cobb's November 14, 2013, Report and Recommendation. (Dkt. no. 3.) Briefly, Plaintiff brings claims of excessive force and assault and battery against arresting officers who arrived at Plaintiff's home in response to a call from Plaintiff's grandson regarding a domestic argument between Plaintiff and his wife. (*Id.* at 3-4.)

On May 1, 2014, Plaintiff filed a Motion to Compel Defendants to produce photographs taken of Plaintiff's wife, Mrs. Robinson, on or shortly after the date of Plaintiff's arrest. (Dkt. no. 45.) Judge Cobb's May 29, 2014, Order granted the Motion to Compel in part and ordered that the photographs be produced. (Dkt. no. 56.) Recognizing that there may be legitimate privacy, well-being or security concerns pertaining to Mrs. Robinson, Judge Cobb ordered that the photographs be delivered to the Warden of the Northern Nevada Correctional Center (NNCC) "with a request from the Defendants that the Warden make the photographs available for inspection by Plaintiff." (*Id.* at 3.) Judge Cobb's May 29, 2014, Order instructs Plaintiff to submit a "kite" request to review the photos once they have been received by the Warden's Office. (*Id.*) The Order further informs Plaintiff that he can tab the photos for later identification in any dispositive motion and that he shall advise the Court if he is denied a reasonable request to inspect the photographs. (*Id.*)

On June 3, 2014, Plaintiff filed an Emergency Motion to Reconsider Judge Cobb's May 29, 2014, Order ("Emergency Motion"). (Dkt. no. 57.) Judge Cobb entered an Order denying the Emergency Motion on June 10, 2014. (Dkt. no. 58.) Plaintiff now objects to Judge Cobb's June 10, 2014, Order denying the Emergency Motion. (Dkt. no. 60.) Defendants filed a response to Plaintiff's Objections. (Dkt. no. 62.)

### III.   LEGAL STANDARD

LR IB 3-1(a) provides that "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3 where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." LR IB 1-3 states that "[a] magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)." The determination of whether to grant a motion for reconsideration of a motion to compel is not specifically enumerated as an exception under 28 U.S.C. § 636(b)(1)(A). Thus, the Court may only reconsider Judge Cobb's June 10, 2014, Order if it is clearly erroneous or contrary to law. *See* LR IB 3–1(a); Fed. R. Civ. P. 72(a) ("When a pretrial matter not

dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

This standard of review is significantly deferential to the initial ruling. "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). The order "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Conant v. McCoffey*, C 97-0139, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998).

**IV.   DISCUSSION**

Under LR 7-5, any motion characterized as an emergency must set forth the nature of the emergency. Judge Cobb found that Plaintiff's Emergency Motion failed to characterize the emergency presented by Judge Cobb's May 29, 2014, Order granting in part and denying in part Plaintiff's Motion to Compel. (Dkt. no. 58 at 1-2.) In his Objections, Plaintiff "concedes that [Emergency Motion] was not the kind of . . . emergency envisioned under LR 7-5" but that the Emergency Motion was filed as such because of the limited time for resolving discovery issues under the May 29, 2014 Scheduling Order. (Dkt. no. 60 at 2-3.) As Plaintiff's Emergency Motion failed to comply with LR 7-5, it was properly denied by Judge Cobb.

Further, Judge Cobb denied the Emergency Motion because it failed to establish that Judge Cobb's May 29, 2014, Order granting in part and denying in part Plaintiff's Motion to Compel was clearly erroneous or manifestly unjust. (Dkt. no. 58 at 3.) Judge Cobb explained that the photographs were relevant enough to warrant production and

requiring Plaintiff to inspect the photographs in the Warden's Office was not an injustice and is similar to the NDOC regulation that requires inmates to "kite" in order to review medical records. (*Id.* at 2.)

Plaintiff's Objections first argue that the photographs are relevant. (Dkt. no. 60 at 4.) That issue, however, is not currently in dispute as Judge Cobb ordered that they be produced.

Next, Plaintiff's Objections argue that equating the photographs with inmate medical records was clearly erroneous. (*Id.* at 5.) The Objections do not explain why such a comparison was clearly erroneous. Plaintiff argues that the photographs are not privileged, (*id.*), but Judge Cobb did not find that they were privileged. Plaintiff also argues that Judge Cobb's recognition of privacy, well-being or security concerns pertaining to Mrs. Robinson was based on speculation. (*Id.*) District courts, however, have broad discretion to manage discovery. *See, e.g., Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Plaintiff does not provide any authority that would suggest that the Court may not, in its broad discretion, tailor discovery production to address privacy, well-being or security concerns. The photographs of Mrs. Robinson at issue were taken by police officers following a domestic violence incident. (Dkt. no. 62 at 1-2.) The Court is not "left with the definite and firm conviction" that Judge Cobb made a mistake in denying reconsideration of his decision to limit the availability of the photographs, particularly in light of the Court's broad discretion in discovery matters and the sensitive subject matter of the photographs. *See Ressam*, 593 F.3d at 1118.

Lastly, Plaintiff's Objections argue that Judge Cobb's May 29, 2014, Order was manifestly unjust because, without possession of the photographs, plaintiff cannot discuss them with the person assisting him with this action. (Dkt. no. 60 at 6.) Plaintiff does not have counsel. (*See* dkt. no. 50.) He states, however, that he has someone assisting him with his case. (Dkt. no. 57 at 2.) Judge Cobb found that the fact that Plaintiff's assistant may not be able to view the photographs does not "create any injustice, let alone manifest injustice." (Dkt. no. 58 at 2.) Presumably, Plaintiff is arguing

that Judge Cobb's conclusion is clearly erroneous or contrary to law. However, Plaintiff provides no legal authority to support his argument that his potential inability to show the photographs to someone assisting him with his case creates a manifest injustice. In the Emergency Motion, Plaintiff argues that he needs to be able to sit down and discuss which marks on Mrs. Robinson's body may be a result of her rosacea. (Dkt. no. 57 at 3.) The Court fails to understand why it is necessary for Plaintiff to show his assistant the photos to discuss such matters and why Plaintiff would be unable to describe the photos in the event that such a discussion is needed. The Court finds that Judge Cobb's determination that the May 29, 2014, Order was not manifestly unjust was not clearly erroneous or contrary to law as there is no indication that Judge Cobb applied an incorrect legal standard and the Court is not left with a definite and firm conviction that Judge Cobb made a mistake.

V. **CONCLUSION**

It is therefore ordered that Plaintiff's Objections or Motion for District Judge to Reconsider Order (dkt. no. 60) are overruled and denied.

DATED THIS 8th day of July 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE