# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| GARY ROBINSON, | ) | 3:12-cv-00525-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re Plaintiff's Motion for Order |
| LUIS LANDA, et al., | ) | (Doc. # 68) |
| Defendants. | ) | |

Before the court is Plaintiff's Motion for Order. (Doc. # 68).[1] Defendants have responded (Doc. # 71.) Plaintiff has replied. (Doc. # 75.)

Plaintiff seeks an order directing the defendants to produce clear color photographs of Wanda Robinson allegedly taken by Officer Loveless on June 21, 2011. Plaintiff bases his motion on the court's order (Doc. # 56) which granted him conditional access to those photographs. (Doc. # 75 at 1.)  Plaintiff states "defendants produced grainy, unclear black and white photographs that are impossible to see the alleged injuries to Mrs. Robinson's mouth/lip and or, bruises claimed to observed and photographed." (*Id*.)

In response, Defendants state that they produced the black and white photographs because those are the only images within the Sheriff's Office which depict Wanda Robinson. (Doc. # 71.) Defendants reference their opposition to Plaintiff's motion to compel (Doc. # 69 at 6), which reflects that due to a crash of the computer software which stores evidence, some photographs were lost. Defendants state that the only reason they were able to produce the black and white copies was because they were able to

---

[1] Refers to court's docket number.

locate copies of the photographs that had been placed in Plaintiff's criminal file. (Doc. # 71 at 2.)

In Plaintiff's reply, he "concedes that no one can produce what does not exist." (Doc. # 75 at 4.) However, he then argues that the Defendants' responses to his original requests for production ("RFPs") 6 and 7 did not claim or inform him that there had been any system crash. (Doc. # 75 at 4.) This argument, however, provides no enlightenment or assistance with regard to the instant motion. The issues regarding Plaintiff's original RFPs 6 and 7 were previously addressed by the court in its order (Doc. # 56) concerning Plaintiff's motion to compel (Doc. # 45).

Plaintiff also "charges that the original images of Mrs. Robinson are still stored within the camera's S-D card." (Doc. # 71 at 4.) However, there is no evidence to substantiate this argument. This contention was only raised in Plaintiff's reply memorandum, so Defendants have not addressed this argument. However, Defendants have stated in both their opposition to this motion (Doc. # 71 at 2) and their opposition to Plaintiff's motion to compel (Doc. # 69 at 8) that they produced the only photographs in their possession. The crash of the Defendants' VeriPic software program resulting in the loss of photographs is attested to in the Affidavit filed in support of Defendants' opposition to the motion to compel (Doc. # 69-1).

Defendants cannot be ordered to produce documents which they do not possess. Nevertheless, Defendants are directed to examine any "S-D card" or other electronic medium used in the camera to take the subject pictures. If any additional photographs are located thereon, Defendants shall produce them and provide a notice to the court.

Plaintiff's motion for order (Doc. # 68) is **DENIED.**

IT IS SO ORDERED.

DATED: September 10, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE