**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| GARY ROBINSON, | ) | 3:12-cv-00525-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re Plaintiff's Motion to Compel |
| LUIS LANDA, et al., | ) | Doc. # 66 |
| Defendants. | ) | |

Before the court is Plaintiff's Motion to Compel (Doc. #66.[1] Defendants have responded (Doc. # 69) and Plaintiff has replied (Doc. # 72).

**I. BACKGROUND OF LITIGATION**

Plaintiff's Amended Complaint, Count One (Doc. # 4), asserts a claim under the Fourth Amendment related to the alleged use of excessive force by Humboldt County Sheriff's Deputies Landa, Fay and Dove, who arrived at his home following a call made by his grandson concerning a domestic dispute. Count Two contains Plaintiff's state law claims for assault and battery in violation of Nevada Revised Statute 200.481(1)(a). Counts One and Two also allege that while Defendants Landa, Fay and Dove were beating Plaintiff, Defendant Rodgers (also a Humboldt County Deputy Sheriff) arrived and saw their conduct, yet did nothing to intervene, nor did he report the incident. (Doc. # 4.)

The amended complaint was screened and the aforementioned constitutional and state law claims were allowed to proceed. (Doc. # 9.) Defendants Dove and Fay answered the amended complaint on November 12, 2013 (Doc. # 16); Defendant Landa answered on January 31, 2014 (Doc. # 28); and

---

[1] Refers to court's docket number.

Defendant Rodgers Answered on February 21, 2014.

## II. BACKGROUND OF MOTION TO COMPEL

Local Rule 26-7 requires, with respect to a discovery motion, that the movant certifies he or she first attempted to sincerely resolve the discovery dispute. (L.R. 26-7(b).) Plaintiff appears to have satisfied this requirement. (Doc. # 66 at 1; 21-15 (Ex. B).) Local Rule 26-7(a) also requires a discovery motion to "set forth in full the text of the discovery originally sought and the response thereto, if any," which condition Plaintiff has met via his attachment of the Defendants' supplemental responses to his request for production. (*Id.* at 14-19 (Ex. A).)

Plaintiff's states he served a second set of requests for production (RFP) on June 2, 2014. The Defendants responded on July 2, 2014. On July 17, 2014, plaintiff states he served a Fed. R. Civ. P 37(a) notice in a good faith attempt to confer and resolve the issue without court intervention. Plaintiff notes the Defendants supplemented their responses to RFP numbers 27 and 31 on July 28, 2014, but they did not supplement their responses to RFP numbers 25, 26, 29, 34 and 35. (*Id* at 2.) Plaintiff's motion, therefore, concerns the Defendants' responses and supplemental responses to seven requests for production.

The court will now address the pertinent requests for production and Defendants' responses thereto which are the subject of this discovery dispute.

## III. DISCUSSION AND ORDER

**Request #25:** Plaintiff sought copies of all Humboldt County Sheriff's reports relating to previous dispatches to the Robinson home because Defendant Landa stated in the incident report he had been to that residence in the past for civil matters. Plaintiff states the information sought would go to the credibility of Landa as his incident report contains several discrepancies (such as a claim of taking photos of Ms. Robinson on June 17, 2011).

Defendants objected to producing the information as not being reasonably calculated to lead to the discovery of admissible evidence. Defendants further contended it would be unduly burdensome to research records to ascertain if such exists. (Doc. # 66 at 15 (Ex. A).)

Defendants further argue that the language of Rule 26-(b)(1) does not automatically entitle parties to discovery related to claims and defenses that have not been pled. (Doc. # 69 at 2.) Plaintiff's suit

2

alleges he was subjected to excessive force at the time of his arrest. Defendants contend facts and circumstances surrounding previous incidents are not probative of the claims asserted in Plaintiff's amended complaint. As to Plaintiff's argument regarding the credibility of Deputy Landa, Defendants state "FRCP 608(b)"[2] does not permit impeachment of a witness on a collateral matter and prohibits the introduction of extrinsic evidence to that end. (*Id.*, at 3.)

In reply, Plaintiff states copies of prior instances are relevant to the credibility aspect and to the Defendants' objective reasonable use of force that is based upon them considering the Plaintiff a threat. (Doc. # 72 at 1.) He states that "previous issues regarding discovery have proved that the defendants' accounts of the circumstances surrounding his arrest to be questionable." (*Id.* at 2.)

**Objection SUSTAINED**. Other reports of incidents when the Humboldt County Sheriffs Department were dispatched to Plaintiff's residence are not relevant to the substance of Plaintiff's allegations, i.e., did the defendant officers use (or fail to prevent the use of) unconstitutional excessive force and/or assault and batter plaintiff.  The use of such prior reports would not tend to prove the Defendants used excessive force on *this* occasion.  The use of such reports on claims of impeachment would be clearly collateral to the subject matter of this case and would not be permitted at trial under Fed. R. Evid. 608(b).

**Request #26:** Plaintiff asked for a copy of any and all blood alcohol test results taken of Mr. Robinson on June 17, 2011 either at the Humboldt County Sheriff's Office or later by hospital personnel.  Plaintiff states Landa's affidavit (HC00017) lists the plaintiff as drunk.

Defendants responded that they are unaware of any blood alcohol tests having been performed on the plaintiff. (Doc. # 66 at 15 (Ex. A).) Plaintiff states the Defendants' "lack of information" response is insufficient without stating what efforts were undertaken to obtain the test results.  Also, he argues that HC00025 reflects the defendants took pictures of empty alcoholic beverage containers to infer that Plaintiff has a drinking problem. (*Id*. at 33 (Ex. D).)

The Defendants contend their statement that they are unaware of any blood alcohol tests, meaning they are not in possession of any documents responsive to #26. Under Fed. R. Civ. P. 34(b),

---

[2] The court believes this citation to be a typographical error. The correct citation would be to Fed. R. Evid. 608(b).

1  Defendants are only required to produce documents in their custody and control. Defendants have
2  clarified their response. (Doc. # 69 at 4-5.)

3  In reply, Plaintiff argues the response (opposition) to this RFP is "lawyer speak" to avoid an
4  inferred admission that Defendants' claim of Plaintiff being drunk is unsupported. Plaintiff contends this
5  is a credibility issue and the accusation must be open to examination (Doc. # 72 at 3.) He states the
6  Defendants admit hitting Plaintiff on his face and body while he "was allegedly trying to retrieve a
7  weapon from his pocket to use against them. But, no weapons charge was lodged against the Plaintiff."
8  (*Id.* at 4; see also Ex. A, HC0098, at 12.) "This request involves credibility issues that directly correlate
9  and/or are relevant to, the objectableness (sic) of the use of substantial force." (*Id.*).

10  **Objection SUSTAINED.** Defendants have represented after a review of Humboldt County
11  Sheriff's Office records, they are not aware of any such blood tests. Defendants are not required to
12  contact a third party to inquire whether such tests exist. Issues of credibility which might pertain to this
13  discovery request are collateral.[3]

14  **Request #27:** Plaintiff sought a copy of the inventory sheet showing that an alleged pocket knife
15  was retrieved from Plaintiff's pocket by Landa and was logged into evidence.

16  Defendants initial response was that they were researching records and that they will produce
17  documents or photos which discuss or depict the knife when same is located. They subsequently
18  supplemented their response and produced certain photographs stamped HC00130-132.

19  Plaintiff complains the Defendants did not produce the booking inventory but then almost 120
20  days later supplemented this response and produced a photo showing a knife laying on the lowest landing
21  to the residence porch steps. He contends this is an actual violation of the first RFPs (#7) which sought
22  color photographs or digital pictures of photos taken on the date of the incident. (Doc. # 66 at 6; Ex. C,
23  at 28.)

24  **Order:** The motion is **DENIED AS MOOT** as to this request for production since the
25  Defendants have produced the information sought by Plaintiff. While the court recognizes there was a

---

[3] The court notes that while the defendants are deputies of the Humboldt County Sheriff's Office, the Sheriff's Office itself is not a defendant. Plaintiff is suing the defendants in their individual capacity and not their official capacity. These defendants would not have the responsibility–or even the ability–to search records from other non-party entities.

4

delay in producing the photograph, the court does not perceive any prejudice to Plaintiff by the delay.

**Request #29.**[4] Plaintiff requests production of photographic evidence showing an alleged broken window which supposedly occurred when Plaintiff pushed Mrs. Robinson into the window.

Defendants' response to this RFP was that the request was vague and ambiguous. However, they state they are unable to locate any photograph depicting a broken window but will produce same if any such photograph is located. (Doc. # 66 at 16 (Ex. A).)

Plaintiff's motion argues Defendant Rodgers' statement (HC00024) reflects he took such photographs; that the materials requested were covered by RFPs 6 and 7, and now the Defendants are disputing nonproduction of evidence that was already requested, is claimed to exist but defense counsel refuses to produce and is now engineering a strategy to not produce same. (#66 at 8)  Plaintiff also incorporates his Rule 37 Notice, Exhibit B, p. 3 (Doc. # 66 at 23; see also Doc. # 72 at 15-16 (Ex. B, HC00024-HC00025).)

**Request #35:**  Plaintiff sought pictures of photographs Defendant Rodgers report (HC00025) states he took of empty alcoholic beverages, the broken window and a picture that had been knocked off the wall during the fight.

Defendants responded they are researching their files to see if any such photographs referenced exist.  If such are located, they will be produced in a supplement. (Doc. # 66 at 18 (Ex. A).)

Plaintiff argues this is the same as #29 (Doc. # 66 at 10.) The photographs he requested were also referenced within his RFP numbers 6 and 7 and should have been produced on March 30.

Defendants' opposition collectively addresses #29 and #35 photograph requests together. (Doc. # 69 at 6-9.)  RFP #29 asked for photographs of the broken window, while RFP #35 asked for photographs Deputy Rodgers took of empty alcoholic beverage containers, the broken window and a picture that had been knocked off the wall when the window was broken. The Sheriff's Office has not produced any photographs because they could not locate them. Defendants attach an Affidavit of Curtiss Kull to their opposition (Doc. # 69-1 at 2-3 (Ex. 1.).) Although Deputy Rodgers' incident report referred to photographs, the Sheriff's Office has been unable to locate them. The computer program

---

[4] The court will address the resolution of RFP numbers 29 and 35 together at the end of the summary of the discovery dispute pertaining to these two requests.

1  which stores and manages photographs for their office crashed after the incident and some photographs
2  were permanently lost. Since none of the referenced photos were found, it is assumed they were part of
3  the permanently lost images. Defendants state that the photos would have had no probative value with
4  regard to the issues currently before this court. Plaintiff is not contesting that the deputies had probable
5  cause to arrest him. (Doc. # 69 at 6-8).

6  Plaintiff's reply contends his requests were not vague and ambiguous.  The defense knew of and
7  clearly identified the only window claimed to be broken.  He states the defendants now engineer the
8  "system crash" to justify withholding that evidence from him. Plaintiff claims that digital cameras have
9  "SD" cards from which the photos are downloaded but that the original photos also remain on the SD
10 cards and that defendants should be compelled produce the SD card.

11 Plaintiff incorporates his reply arguments as to #35. He states he has a right to discover
12 impeachment evidence to attack the Defendants' credibility. The alleged injuries to Mrs. Robinson
13 observed by the defendants served as the primary basis for implementing arrest procedures and the use
14 of substantial force.  A clear picture of her injuries are relevant. (Doc. # 72 at 6-8.)

15 **Order:**  The motion is **DENIED AS MOOT** as to both RFPs # 29 and # 35 as what photographs
16 are available have been produced.  If there is a contradiction between what defendant Rogers states he
17 photographed and what photographs exist in that respect, plaintiff can point out the alleged contradiction
18 at trial. The court also incorporates its Order of September 10, 2014 (Doc. # 78), wherein the court
19 addressed Defendants' explanation of their inability to produce certain photographs due to a "crash" of
20 Defendants' "VeriPic software program." (*Id* at 2.) However, as the court ruled in its September 10, 2014
21 Order, Defendants are again directed "to examine any 'S-D-card' or other electronic medium used in the
22 camera to take the subject pictures. If any additional photographs are located thereon, Defendants shall
23 produce them and provide a notice to the court.

24 **Request for Production #31:** Plaintiff sought copies of all reports written by Defendant Dove
25 re the June 17, 2011 incident at Toll Road.

26 Defendants' response was that they were searching their records to determine whether Sgt. Dove
27 prepared such a report and if any such report is located, it will be produced in a supplemental response.
28 Defendants thereafter supplemented their response and produced the report of Sgt. Dove as

1   HC00133-135 (Doc. # 66 at 28 (Ex. C).)

2        Plaintiff states although Defendants produced this report on 7/28/14,"said material was covered
3   initially by RFP 2 and should have been produced on April 11, 2014." He addresses it to show that
4   defense counsel continues to frustrate and/or delay his right to obtain evidence. (*Id*. at 8-9.)

5        **Order:**  Plaintiff's motion as to RFP # 31 is **DENIED AS MOOT.**  The materials sought have
6   been produced.  The documents may have been untimely produced, but barring a showing of prejudice
7   (which Plaintiff has not done) there is nothing further to compel.

8        **Request #34:**  Plaintiff sought a copy of the attorney sign in visiting sheet or log showing all
9   dates his attorney visited him at the Humboldt County Jail prior to and up to and including October 25,
10  2011.

11       Defendants objected to this request, stating it was not calculated to lead to the discovery of
12  admissible evidence.

13       Plaintiff's motion argues that "[t]he docket clearly demonstrates that the defendants have used
14  and intend on using, the Plaintiff's guilty plea agreement against him" (Doc. # 66 at 9.)  He claims "***
15  in light of such hostile attitude, [he] had no choice but to plead out. Thus, this will be relevant to the
16  reason behind the plea agreement that the defense intends to place front and center. As such, a sparce
17  (sic) attorney visit record would...lend support to Plaintiff's story he was not given any meaningful
18  assistance (the language in the plea agreement notwithstanding)." (*Id.* at 10.)

19       In their opposition, the Defendants contend their objection is valid because the request seeks
20  information not relevant to this case. "Any information obtained from the visitation logs will have zero
21  probative value on the issues to be determined at trial."  The type of relationship Plaintiff had with his
22  former legal counsel has nothing to do with the incident upon which his claims are based. (Doc. # 69
23  at 9). Defendants also state Plaintiff's former defense counsel has not been named as a defendant to his
24  case and plaintiff has no claim for ineffective assistance of counsel. Defendants submit questions related
25  to the validity of his guilty plea and the effectiveness of his counsel has no place in this case.  Plaintiff
26  cannot use this proceeding to collaterally attack his guilty plea and conviction.  (*Id.,* at 10.)

27       In reply, Plaintiff argues the Defendants distort his reasons for wanting a copy of the visitation
28  log.  He is not trying to litigate an ineffective assistance counsel claim.  He states Defendants will be

impeaching him via his conviction and as such, he will have every right to tell a jury about how he felt and that he had no choice but to plead out. (Doc. # 72 at 9.)

**Order: Objection OVERRULED.** Although the court questions the relevance the visitation sheets may have as to this case, plaintiff presents a colorable claim as to how they might pertain to his claims. Defendants **shall produce** the documents sought in this request within **ten (10) days** of this order.

### IV.  CONCLUSION

Plaintiff's motion to compel (Doc. # 66) is **GRANTED IN PART** and **DENIED IN PART,** consistent with this Order.

IT IS SO ORDERED.

DATED: September 16, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE