UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GARY ROBINSON, | ) | 3:12-cv-00525-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | re: Plaintiff's Objection to Order (#23) |
| | ) | |
| LUIS LANDA, et al., | ) | Doc. # 38 |
| | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Objection to Magistrate Judge's (#23) [Order]. (Doc. # 38.) Defendants have responded. (Doc. # 42.)

The gravamen of Plaintiff's objection is that he felt this court's decision (Doc. # 23) on his underlying Motion for Order Allowing Lay Assistance (Doc. # 15) was prejudicial to Plaintiff as the decision was entered prior to the court's receipt and consideration of his reply memorandum (Doc. # 25). Therefore, the court will treat Plaintiff's objection to the court's order as a motion for reconsideration. In reconsidering Plaintiff's motion (Doc. # 15) and this court's order (Doc. # 23), this court will reevaluate the court's decision in light of the points and authorities in Plaintiff's reply (Doc. # 25) and in his objection (Doc. # 38).

Plaintiff's motion sought an order that recognizes and appoints fellow inmate Christopher Jones as Plaintiff's "Lay Assistant." (Doc. # 15.) It also requested the court to enter an order, "to facilitate [the] mailing of a copy of all documents to Jones" and to "[put] the defendants upon notice that they must do the same as reflected in the lay assistance agreement attached as Exhibit A."[1] Plaintiff further requested

---

[1] Exhibit A was entitled "Lay Assistant Contract Agreement" which basically assigns to Inmate Jones the responsibility to prosecute Plaintiff's civil rights case much as an attorney would. (Doc. # 15 at 7-9.)

1  this court order that "<u>no</u> contact is to be made with the Plaintiff without the prior notice to lay assistant
2  and his presence at, and or during [all] such meetings, discussions, etc. (sic) including, depositions and
3  video status conferences." (*Id.* at 3-4; emphasis in the original.)[2]

4      With respect to Plaintiff's motion, the court concluded:

> An inmate, or any person for that matter, that is not licensed to practice law is not permitted to give legal advice or perform legal work. See, e.g., *Cato v. United States*, 70 F.3d 1103, 1105 n. 1 (9th Cir. 1995) (non-attorney may not represent another); see also *Blaisdell v. Frappiea*, 729 F.3d 1237, 1244-45 (9th Cir. 2013) (quoting *Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990) (quoting 10th Circuit statement that "Prison inmates do not possess the right to a particular prisoner's help in preparing their legal materials, so long as prison officials make other assistance available.") While Plaintiff generally asserts that prison law clerks are inadequate, he provides no specific examples of how this is the case. Nor has he demonstrated an inability to litigate this matter himself.

Doc. # 23 at 1-2.

    While the court allowed Plaintiff to continue to consult with his inmate lay assistant, the court further ordered that "Mr. Jones may not engage in the unauthorized practice of law, there is no authority for appointing Mr. Jones, who is not a lawyer, as an advocate for Plaintiff." (*Id.*)

    The court made this ruling without consideration of Plaintiff's reply memorandum. However, there is no argument or case authority either in Plaintiff's reply memorandum (Doc. # 25) or his objection (Doc. # 38) which would cause this court to alter its opinion.

    Plaintiff's reply memorandum asserted that inmate lay assistant Jones has provided the Plaintiff with assistance with his § 1983 lawsuit and contends Plaintiff is unable to represent himself in this lawsuit. Plaintiff discusses the alleged "right to lay assistance" in ¶ E of his memorandum. (Doc. # 25 at 9-10.) Plaintiff cites *Johnson v. Avery*, 292 U.S. 483 (1969), *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) and *Wiideman v. Angelone*, 848 F.Supp. 136, 139 (D. Nev. 1994), for the proposition that "inmates have a First Amendment [sic] to provide assistance to fellow inmates." (Doc. # 25 at 9.)

    These cases, including *Koerschner v. Warden, Nev. State Prison*, 508 F.Supp.2d 849 (D. Nev. 2007), cited in Plaintiff's objection, generally stand for the proposition that absent certain circumstances,

---

[2] Entry of such an order, if it were to occur, would not only involve the Defendants but also the Nevada Department of Corrections (NDOC) as well. No State or NDOC employees are parties to this action. The sole defendants are deputies of the Humboldt County Sheriff's Department.

2

a prison institution may not preclude an inmate from seeking lay assistance from another inmate, nor as a general rule could the institution prevent the lay assistant from helping that inmate. As District Judge Edward C. Reed, Jr., held in the *Wiideman* case cited by Plaintiff:

> Although Defendants are correct that an inmate has no constitutional right to a *position* as an inmate law clerk, this does not mean that an inmate does not have a protective right to be a "jailhouse lawyer" helping other inmates with litigation. It is well settled that "[a] prison inmate retains those first amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections systems." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). Further, "assisting other inmates with their habeas petitions. . .encourag[ing] and offer[ing] to help his fellow students ... in legal matters, and ... pursuing legal actions of his own," are "protected by the first amendment." *Rizzo v. Dawson*, 776 F.2d 527, 531 (9th Cir. 1985). Thus, Plaintiff does retain a first amendment right to assist other inmates with litigation.

848 F.Supp. at 139 (italics in the original).[3]

In the present case, this court did *not* preclude inmate Jones from providing lay assistance; rather, this court declined to cloak inmate Jones with the trappings of an attorney who would be in effect representing Plaintiff as his *de facto* attorney. Nor would the court provide its stamp of approval to the "Lay Assistance Contract/Agreement" the Plaintiff submitted as Exhibit A to his motion (Doc. # 15 at 7-9). (Doc. # 23.)

Plaintiff's reply memorandum contained no relevant authority justifying the relief Plaintiff was seeking in the body of his motion, i.e., directing Defendants (and implicitly the court) to co-serve inmate Jones, to restrict contact by the Defendants with Plaintiff without going through inmate Jones, requiring inmate Jones to be present at all meetings, discussions, etc. (Doc. # 15 at 3-4.) The court's order did not preclude Plaintiff from consulting with inmate Jones; instead, the court – in the absence of any authority to the contrary – declined to appoint Jones "as an advocate for Plaintiff."[4]

The court, having reconsidered Plaintiff's underlying motion (Doc. # 15) in light of Plaintiff's reply memorandum (Doc. # 25), determines the court's order (Doc. # 23) was correctly decided.

---

[3] Judge Reed also noted these First Amendment rights "are not absolute." A penal institution "ma infringe upon them as long as the infringement is 'reasonably related to legitimate penological interest.'" 848 F.Supp. at 139; citations omitted.

[4] The court also notes Plaintiff's ability to utilize lay assistance of a fellow inmate was reconfirmed in this court's order denying Plaintiff's motion for appointment of counsel. (Doc. # 50 at 4.)

3

Plaintiff's objection (Doc. # 38), which the court has treated as a request for the court to reconsider its order by taking into account Plaintiff's reply memorandum (Doc. # 25), is **DENIED.**

**IT IS SO ORDERED.**

DATED: October 23, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE